# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLEN FRANKLIN,

    Plaintiff,

v.                                                 Case No. 19-CV-00075

WARDEN JUDY SMITH,
SGT. RUCINSKI,
CO BOOKER, and JOHN DOE,

    Defendants.

## ORDER

Plaintiff Glen Franklin, a pro se inmate at Oshkosh Correctional Institution, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by opening his legal mail before giving it to him. This matter is before the court on Franklin's motion to proceed without prepayment of the filing fee (ECF No. 2) and for screening of his complaint (ECF No. 1).

The court has jurisdiction to resolve Franklin's motion and to screen his complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. **Motion to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On January 14, 2019, the court ordered Franklin to pay an initial partial filing fee of $10.11. (ECF No. 5.) Franklin paid that fee on January 18, 2019. As such, the court will grant his motion for leave to proceed without prepaying the filing fee. Franklin will be required to pay the remainder of the $350 filing fee over time in the manner described at the end of this Order.

2. **Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1 *Allegations in the Complaint*

Franklin alleges that on December 3, 2018, when he went to retrieve his mail from CO Booker, he discovered that his "legal mail from the courts [] had been open[ed] and taped before [he] received it." (ECF No. 1 at 2-3.) He states he spoke with Sgt Rucinski about it and filed inmate complaint number OSCI-2018-24913. (*Id.* at 3.) He says his inmate complaint was later affirmed.

Franklin seeks injunctive relief and compensatory and punitive damages.

### 2.2 *Analysis*

"Inmates have a First Amendment right both to send and receive mail, but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005) (citations omitted). A prison official's generally unfettered ability to review an inmate's mail is, however, abridged when it comes to an inmate's legal mail. *Id.* When

3

a prison receives a letter for an inmate that is marked with an attorney's name or some type of indication that the letter is legal mail, "officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Id*. (citations omitted).

As alleged, Franklin has adequately asserted a First Amendment rights violation regarding his opened legal mail against the John Doe mailroom officers. Indeed, the allegations indicate that someone in the mail room opened his legal mail outside his presence. However, Franklin fails to sufficiently allege that Warden Judy Smith, Sgt Rucinski, or CO Booker were involved in the alleged act. Under section 1983, an individual can be liable only if that individual is personally responsible for a constitutional deprivation. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614-15 (7th Cir. 2002); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). There is no supervisory liability, collective liability or vicarious liability under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Franklin makes no direct allegations against Warden Smith. And the only allegations he makes against CO Booker and Sgt. Rucinski are that CO Booker gave him his mail and that, after he discovered it had been opened, he informed Sgt. Rucinski. He may, therefore, not proceed against Judy Smith, Sgt. Rucinski, and CO Booker.

Because Franklin does not know the name of the John Doe mailroom officers he has been allowed to proceed against, the court will not dismiss Warden Smith as a defendant. Warden Smith will remain as a defendant for the limited purpose of

helping Franklin identify the names of the Doe defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

After Warden Smith's attorney files an appearance in this case, Franklin may serve discovery upon Warden Smith (by mailing it to her attorney at the address in the attorney's notice of appearance) to get information that will help him identify the names of the Doe defendants. For example, Franklin may serve interrogatories (written questions) under Rule 33 of the Federal Rules Civil Procedure or document requests under Rule 34 of the Federal Rules of Civil Procedure.

After Franklin identifies the names of the Doe defendants, he must file a motion to substitute their names for the Doe placeholders. The court will then dismiss Warden Smith as a defendant and the identified Doe defendants will be served with Franklin's complaint and this order. Once the Doe defendants have responded to the complaint, the court will issue a scheduling order setting deadlines for the completion of all other discovery and for filing dispositive motions. Franklin should not start the discovery process for all other discovery until after all the defendants have been identified, have filed their answer, and the court has issued a scheduling order.

Franklin must identify the names of the John Doe defendants within forty-five days of Warden Smith's attorney filing an appearance, or he must file a letter explaining why he is unable to do so. If he does not do either of these things, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that Franklin's motion for leave to proceed without prepayment of the filing fee (ECF No 2) is **GRANTED**.

**IT IS ALSO ORDERED** that Sgt Rucinski and CO Booker are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Franklin's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant Judy Smith.

**IT IS ALSO ORDERED** that, within forty-five days of Warden Smith's attorney filing an appearance, Franklin must identify the names of the John Doe defendants and file a motion with the court to substitute the names for the Doe placeholders, or file a letter explaining why he is unable to do so. The court may dismiss his case based on his failure to diligently pursue it if he does not do either of these things. *See* Civil L.R. 41(c).

**IT IS ALSO ORDERED** that Warden Smith does not have to respond to Franklin's complaint; however, she must respond to Franklin's discovery requests as described in this order. Once Franklin notifies the court of the names of the John Doe defendants, Warden Smith will be dismissed as a defendant.

**IT IS FURTHER ORDERED** that the agency having custody of Franklin shall collect from his institution trust account the $339.89 balance of the filing fee by collecting monthly payments from Franklin's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by

the case name and number assigned to this action. If Franklin is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Franklin is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Franklin shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If Franklin is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises Franklin that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge