UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLEN FRANKLIN,

      Plaintiff,

v.                                                   Case No. 19-CV-75

THOMAS DEVOE and
DAVID HILLS,

      Defendants.

## DECISION AND ORDER

Plaintiff Glen Franklin, a Wisconsin state prisoner, filed this *pro se* lawsuit under 42 U.S.C. § 1983. The court screened the complaint and allowed Franklin to proceed on a First Amendment claim against John Doe mailroom officers. (ECF No. 7.) Franklin later identified the officers as defendants Thomas DeVoe and David Hills. (ECF No. 16.) The court granted Franklin's motion for recruitment of counsel and recruited attorney Joseph R. Cincotta to represent him. (ECF Nos. 26 & 27.) The defendants move for summary judgment. (ECF No. 36.) Franklin, through counsel, opposes the motion. (ECF No. 47.) The motion is fully briefed and ready for resolution.

### BACKGROUND

The facts in this section are taken from the defendants' proposed findings of fact and declarations in support (ECF Nos. 38–42); Franklin's responses to the

defendants' facts, proposed facts, and declaration in support (ECF Nos. 48–50); and the defendants' response to Franklin's proposed facts (ECF No. 52). The court will consider each party's proposed facts only to the extent they are supported by evidence in the record and will deem admitted any facts that a party has not properly contested. *See* Fed. R. Civ. P. 56(c)(1); Civil L. R. 56(b)(1)(C)(i), (b)(2)(B)(i)–(ii), and (b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). The court will consider arguments in the supporting memoranda only to the extent they properly refer to each party's statement of facts. *See* Civil L. R. 56(b)(6).

### A. The Parties

Franklin has been an inmate at Oshkosh Correctional Institution ("Oshkosh") since April 5, 2013. (ECF No. 38, ¶ 1.) DeVoe worked for the Wisconsin Department of Corrections ("WDOC") as a correctional officer at Oshkosh from sometime in 1995 until his retirement in June 2019. (*Id.*, ¶ 2.) He primarily worked in the Mailroom and Property Department. (*Id.*) Hills also has been a correctional officer at Oshkosh since 1995 and remains one today. (*Id.*, ¶ 3.) He also primarily works in the Mailroom and Property Department. (*Id.*)

### B. Franklin's Complaint

Because Franklin's complaint is verified, the court will treat it as "the equivalent of an affidavit" for purposes of this decision. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013); *Ford v. Wilson*, 90 F.3d 245, 246–47 (7th Cir. 1996).

Franklin states that on December 3, 2018, he received a piece of mail "from the courts" that had been opened and taped closed. (ECF No. 1 at 2–3.) He told a sergeant about the opened mail and filed an inmate complaint. (*Id.* at 3.) He states that the complaint was later affirmed under Wis. Admin. Code § DOC 309.04.01. (*Id.*)

**C. Prisoner Mail at Oshkosh**

Incoming mail at Oshkosh arrives in the mailroom after mailroom staff pick it up from the local post office. (ECF No. 38, ¶ 4.) Legal and non-legal mail are processed differently in Wisconsin prisons. (*Id.*, ¶¶ 4–5.) Staff open and inspect all non-legal mail for contraband. (*Id.*) Legal mail that is clearly marked as such is not opened in the mailroom but is stamped "open in presence of inmate." (*Id.*, ¶ 5.) Under WDOC Code, prison staff must open mail in front of the inmate if it is from an attorney, the clerk or judge of any state or federal court, or one of several other persons. Wis. Admin. Code § DOC 309.04(3).

Once the legal mail is sorted and stamped, mailroom staff look up each inmate's housing unit and write the unit on each piece of legal mail. (ECF No. 38, ¶ 6.) Mailroom staff send legal mail to inmates in a box labeled for the appropriate housing unit, where the box is placed on a shelf. (*Id.*) Housing unit staff arrange for the inmate to be present when staff open the legal mail to inspect it for contraband without reviewing the contents. (*Id.*, ¶ 7.)

**D. Franklin's Mail**

The mail Franklin states was improperly opened outside his presence consisted of two orders from the Court of Appeals for the Seventh Circuit in his appellate case,

3

*Franklin v. Bowens, et al.*, No. 18-2943. (ECF No. 38, ¶ 9.) After discovering that his mail was apparently opened before he received it, Franklin filed an inmate complaint. (*Id.*, ¶ 10; ECF No. 42-1 at 10.) An inmate complaint examiner reviewed the mail at issue, confirmed the Seventh Circuit was the sender, and agreed the mail had been opened before Franklin received it. (ECF No. 38, ¶¶ 10–11; ECF No. 42-1 at 2–3.) The inmate complaint examiner recommended affirming Franklin's complaint because the mail had been opened outside his presence, in violation of Wis. Admin. Code § DOC 309.04. (ECF No. 38, ¶ 11; ECF No. 42-1 at 2–3.) Oshkosh Warden Judy Smith affirmed the complaint. (ECF No. 38, ¶ 11; ECF No. 42-1 at 5.)

Defendants Hills and DeVoe state that they worked in the mailroom on December 3, 2018, but neither recalls opening Franklin's mail. (ECF No. 38, ¶ 12; ECF No. 40, ¶ 8; ECF No. 41, ¶ 8.) They state that, if they discovered a piece of mail clearly identified as legal mail that was opened before the inmate received it, they would stamp it "opened inadvertently," tape it shut, and send it to the housing unit. (ECF No. 38, ¶ 13.) It is undisputed that the contents of Franklin's December 3, 2018 mail are publicly available on the Seventh Circuit's case search website PACER. (*Id.*, ¶ 14.)

Franklin states that his mail was opened outside his presence four times between January 10, 2018, and October 21, 2019. (ECF No. 49, ¶¶ 5–8.) He states his mail was opened intentionally and that staff at Oshkosh are targeting him because of lawsuits he filed. (*Id.*, ¶¶ 9–10.) He states that staff at Oshkosh are never disciplined for opening inmates' legal mail. (*Id.*, ¶ 10.) Franklin further states that

4

staff opened his mail to upset him and provoke him into violating institution rules for which he may be punished with time in segregation. (*Id.*, ¶ 11.) He states that he previously missed a court appearance after being punished for his reaction to receiving opened mail. (*Id.*) He asserts that the defendants opened his mail to provoke him "and to intimidate him from continuing to pursue his legal claims." (*Id.*) He insists the envelopes from his mail were stamped "open in the presence of inmate" before the envelopes were opened. (*Id.*)

Defendants dispute Franklin's statements that his mail was intentionally opened to provoke or intimidate him. (ECF No. 52, ¶¶ 9–11.) They further contend that instances of his mail being opened other than the December 3, 2018 incident are immaterial. (*Id.*, ¶¶ 2–3, 7–8.)

## SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "[D]isputed facts that are not outcome-determinative are not material and will not preclude summary judgment." *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## ANALYSIS

Prisoners retain a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989); *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) (citing *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999)). But prison officials may examine inmate mail to ensure that it does not contain contraband. *See Kaufman*, 419 F.3d at 685 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974), and *Rowe*, 196 F.3d at 782). Having said that, an inmate's legal mail "is entitled to greater protections because of the potential for interference with his right of access to the courts." *Id.* at 685–86 (citing *Rowe,* 196 F.3d at 782). "Legal mail," however, does not encompass everything an inmate receives related to a lawsuit. "Legal mail" certainly includes a letter "marked with an attorney's name and a warning that the letter is legal mail." *Id.* at 686 (citing *Wolff*, 418 U.S. at 577, and *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305–06 (7th Cir. 1993)). But court orders, because they are public documents, are not entitled to any special protection. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987).

6

### A. December 3, 2018 Mail

It is undisputed that the mail Franklin received on December 3, 2018, which appeared to have been opened, was from the Seventh Circuit. However, it was not marked "legal mail" and contained two publicly accessible documents. It did not contain communications from an attorney or any private documents or information. Thus, it was not entitled to the heightened protection given to legal mail sent to inmates. Therefore, even if prison officials did open and inspect the mail before Franklin received it, that did not violate Franklin's First Amendment rights.

Even if Franklin could show that the opening of this piece of mail violated his First Amendment rights, he does not present any evidence that it was one or both of the defendants who opened his mail. Both defendants swear they do not recall opening Franklin's December 3, 2018 mail. It is equally plausible that the sender taped the mail shut because the envelope was not sealing properly.

Franklin insists that his mail was targeted and opened to intimidate or provoke him because of lawsuits he has filed against prison officials. But Franklin presents no evidence that either defendant is so motivated. Nor has he presented any evidence that he ever personally observed either defendant (or any prison official) opening his mail. His speculation or opinion about the defendants' actions and motives, despite being part of his declaration, does not render summary judgment inappropriate. *See Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (citing Fed. R. Civ. P. 56(e) (now Rule 56(c)(4)), Fed. R. Evid. 602, and *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc)); *Cleveland v. Porca Co.*, 38 F.3d 289, 295

7

Case 2:19-cv-00075-WED   Filed 09/11/20   Page 7 of 12   Document 54

(7th Cir. 1994) ("Statements of 'beliefs' or 'opinions' are insufficient to create a genuine issue of material fact.").

Franklin points out that his inmate complaint about the December 3, 2018 mail was affirmed by an inmate complaint examiner and the warden. But that decision shows only that, according to the inmate complaint examiner, *someone* improperly opened Franklin's mail outside his presence. His inmate complaint and its affirmance say nothing about whether either defendant opened the mail.

Moreover, the decision affirming his inmate complaint determines only that the mail was opened in violation of Wis. Admin. Code § DOC 309.04(3) and (4). A violation of state law alone does not infringe a constitutional right and is not remediable under § 1983. *See Swarthout v. Cooke,* 562 U.S. 216, 221–22 (2011); *Tucker v. City of Chicago*, 907 F.3d 487, 494–95 (7th Cir. 2018). That the inmate complaint examiner and the warden affirmed Franklin's inmate complaint does not mean that his constitutional rights were violated. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) (concluding that a violation of § DOC 309.04(3) "is not a ground for a federal civil rights suit").

To the extent Franklin seeks to assert that the alleged opening of his legal mail violated his right to access the courts under the Fourteenth Amendment, he may not proceed on any such claim. He did not include in his complaint a claim that the defendants interfered with his access to the courts. He raised only a First Amendment claim regarding his legal mail, and that was the only claim the court allowed him to

8

proceed on. Franklin may not add a new claim in his materials opposing summary judgment. *See Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012) (citing cases).

Even if the court were to characterize his claim as one under the Fourteenth Amendment for violating his access to the courts, that claim would fail. To succeed on that claim, Franklin must show that "the defendants' conduct prejudice[d] a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). In addition, the Supreme Court has held that the allegations in the complaint must describe "the underlying cause of action and its lost remedy . . . sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002) (citing *Lewis v. Casey*, 518 U.S. 343, 353 & n.3 (1996)).

Franklin does not adequately allege a claim that the defendants interfered with his access to the courts. He does not describe the underlying cause of action, much less allege its merit, or the contents of the mail with which officials allegedly tampered. He only vaguely describes the mail as "from a law firm" or "from the Seventh Circuit." (ECF No. 48, ¶¶ 5 & 8.) Franklin does not allege that DeVoe or Hills opened his mail on any occasion other than December 3, 2018. Nor does Franklin allege that he was prevented or inhibited from pursuing his legal claim because officials opened his incoming legal mail. Even had Franklin adequately alleged the elements of a claim that someone interfered with his access to the courts, he provides no evidence that DeVoe or Hills were involved, that they targeted him to intimidate him, or that their involvement cost him an otherwise meritorious legal claim. He

9

relies on only his unsubstantiated suspicion that prison officials targeted him. That is not competent evidence at summary judgment, and it does not prove either defendant intended to intimidate him or interfere with his legal claims when they opened his mail. *See Payne*, 337 F.3d at 772; *Cleveland*, 38 F.3d at 295.

### B. New Incidents

Defendants contend that Franklin improperly attempts to add three other incidents of mail tampering to his complaint in his brief in opposition to summary judgment. (ECF No. 51 at 2.) They assert that those claims are waived because they are outside the scope of Franklin's complaint, which raised only the December 3, 2018 incident of opened mail. (*Id.*)

It is not clear whether Franklin referenced the other occasions on which his legal mail was opened to lend credibility to his claim that on this occasion his legal mail was opened with the intent to intimidate him, or whether he is attempting (as the defendants contend) to raise a new claim relating to these other occasions on which his legal mail was opened. If it is the former, the court explained above why a claim that prison officials are intimidating him amounts to a claim that officials are interfering with his access to the courts and that Franklin may not proceed on such a claim.

To the extent it is the latter, claims may not be raised for the first time in a brief opposing the defendants' motion for summary judgment. *See Anderson*, 699 F.3d at 998. Franklin's complaint addressed a single incident of his mail being opened outside of his presence, that which occurred on December 3, 2018. (ECF No. 1 at 2.)

10

The additional incidents were not mentioned in his complaint and involve different officials. If Franklin wished to proceed on more than one incident of mail tampering, he should have amended his complaint to include those additional incidents. In fact, the court provided Franklin an extended opportunity to amend his complaint. Shortly after the court recruited counsel for Franklin, it amended the scheduling order and allowed Franklin until January 10, 2020, to submit an amended complaint. (ECF Nos. 29 & 30.) The court later granted Franklin's motion to extend that deadline to January 15, 2020. (ECF No. 32.) Yet Franklin did not file an amended complaint or seek to further extend his deadline to do so. He therefore waived his opportunity to proceed on any claims other than that alleged in his complaint.

### C. Qualified Immunity

Because the court is granting summary judgment to the defendants on the merits, it need not discuss whether they are entitled to qualified immunity. *See Sierra-Lopez v. Cty.*, No. 17-CV-1222-PP, 2019 WL 3501540, at *10 (E.D. Wis. July 31, 2019) (citing *Viero v. Bufano*, 925 F. Supp. 1374, 1387 (N.D. Ill. 1996); and *Antepenko v. Domrois*, No. 17-CV-1211, 2018 WL 6065347, at *6 (E.D. Wis. Nov. 20, 2018)).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 36) is **GRANTED**, and this case is **DISMISSED**. The clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. I may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I may not extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 11th day of September, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge